[Cite as *Target Industries v. Stubbs*, 2012-Ohio-709.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97140**

# TARGET INDUSTRIES

PLAINTIFF-APPELLEE

vs.

# PAUL STUBBS, FIRE CHIEF, CITY OF CLEVELAND

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-739218

**BEFORE:** Sweeney, J., Blackmon, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** February 23, 2012

**ATTORNEYS FOR APPELLANT**

Barbara Langhenry, Esq.
Interim Director of Law
By: Patricia McGinty Aston, Esq.
    Susan M. Bungard, Esq.
Assistant Directors of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

David M. Smith, Esq.
Lewis A. Zipkin, Esq.
Zipkin, Whiting Co., L.P.A.
Zipkin Whiting Building
3637 South Green Road
Beachwood, Ohio   44122

JAMES J. SWEENEY, J.:

**{¶1}** Appellant, city of Cleveland ("the City"), appeals the trial court's finding that the City improperly cited appellee Target Industries ("Target") for fire code violations at a commercial property.   After reviewing the facts of the case and pertinent law, we affirm.

**{¶2}** Target owns commercial property located at 1575 Merwin Avenue in Cleveland ("the property").   Target leases the property to Spotlight Entertainment ("Spotlight") under a verbal agreement.   In the summer of 2009, the City cited Target and Spotlight for several fire code violations.   Spotlight did not challenge the citations.   However, Target challenged them on the basis that it was not the responsible party under the applicable statutory provisions.   The Ohio Board of Building Appeals found in favor of the City and upheld the citations against Target.   Subsequently, the trial court found that this administrative ruling was supported by reliable, probative, and substantial evidence.

**{¶3}** Target appealed to this court, which reversed the lower court proceedings and ruled in favor of Target:

[T]he law governing landlord liability in commercial leases * * * is that a landlord who is out of possession and control of a premises is generally not liable for damages or violations resulting from the condition of the premises. The record here demonstrates that the landlord, Target, was out of possession and control of the premises; no evidence was presented to refute that. *Target Industries v. Paul Stubbs, Fire Chief*, 8th Dist. No. 95101, 2011-Ohio-1563, ¶ 31 ("*Target I*").

{¶4} In the summer of 2010, the City again cited Target and Spotlight for fire code violations at the property. Target again challenged the citations on the basis that it was not the responsible party. The Board ruled in favor of the City and found that Target was a proper party to the citations. On July 20, 2011, however, the trial court found that "the board's decision was not supported by reliable, probative [and] substantial evidence and was not in accordance with law," and reversed the Board's decision.

{¶5} The City appeals and raises two assignments of error for our review.

I.

The Common Pleas Court abused its discretion and erred when it found that the Ohio Board of Building Appeals' decision was not supported by reliable, probative and substantial evidence and was not in accordance with law.

II.

The Common Pleas Court abused its discretion and erred when it found that Target was not a responsible person under the Ohio Revised Code and Ohio Fire Code when Target's conduct in this case influenced the conditions at the property to make it subject to citation and penalties.

{¶6} An appellate court's review of an administrative decision is limited to determining "only if the trial court has abused its discretion * * *." *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶7} This case is controlled by our ruling in *Target I*, as it involves the same parties and the same issue. Although the City argues that the facts of this case are "slightly different" than the facts in *Target I*, this is not supported by the record. The evidence in *Target I* showed that Target "was not involved in the maintenance of the property because, per [the] agreement

with [Spotlight], maintenance, as well as remedying violations of city, state, or governmental regulations, was [Spotlight's] responsibility, and in the past (2007), [Spotlight] had fulfilled its responsibility." *Target I* at ¶ 29. From this evidence, this court held that Target was not liable for violations. *Id*. at ¶ 31.

{¶8} In the instant case, a representative from the City's fire department testified that he has had no discussions with Target regarding the subject violations. A representative from Spotlight testified that, under its arrangement with Target, Spotlight is the "responsible party for making sure that all the codes are followed." A representative from Target testified that Target's involvement in this situation was limited to "contact[ing] Spotlight to find out if this has been taken care of when the citation was brought to me."

{¶9} We find that this case is indistinguishable from *Target I*. Accordingly, the trial court did not abuse its discretion in reversing the Board's ruling and holding that "Target should not have been charged with the violations." *See also Sabitov v. Graines*, 177 Ohio App.3d 451, 2008-Ohio-3795, 894 N.E.2d 1310, ¶ 50 (8th Dist.) (holding that a commercial landlord was not liable for negligence when the terms of the lease indictated that the tenant "assumed the obligation to comply with 'all * * * laws, ordinances, orders, rules, regulations, and requirements of * * * governmental departments, commissions, boards, and officers * * *'").

{¶10} The City's two assignments of error are overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


PATRICIA ANN BLACKMON, A.J., and COLLEEN CONWAY COONEY, J., CONCUR